Filed 1/14/22  P. v. Robbins CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AKIL ROBBINS,<br><br>    Defendant and Appellant. | B306944<br><br>Los Angeles County<br>Super. Ct. No. BA310233-02 |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Affirmed.

Spolin Law and Aaron Spolin for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda Lopez and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Akil Robbins appeals from the superior court's order denying his petition under Penal Code section 1170.95.[1]  That statute allows certain defendants convicted of murder under the felony-murder rule or the natural and probable consequences doctrine to petition the court to vacate their convictions and for resentencing.  Here, the trial court—after appointing counsel and permitting briefing—found Robbins was ineligible for relief.  We affirm because the record of conviction establishes Robbins is ineligible for resentencing as a matter of law.

## FACTS AND PROCEDURAL BACKGROUND

### 1. *The crime, conviction, and appeal*

On October 2, 2006, a witness standing at a busy intersection heard gunshots.[2]  He saw a man later identified as Christopher Mathis standing next to the open front passenger door of a red Chevrolet Cobalt.  Mathis was pointing a gun at a man later identified as Ernest Crayton.  Mathis fired at Crayton one last time and got back into the car, which sped away.

---

[1]     References to statutes are to the Penal Code.

[2]     On May 21, 2021, we granted the Attorney General's motion for the court to take judicial notice of the file in Robbins's direct appeal, *People v. Robbins* (Dec. 13, 2010, B221364) [nonpub. opn.] (*Robbins I*).  In his opening brief, Robbins says he "adopts" as his statement of facts "those set forth in the Court of Appeal unpublished decision of *People v. Robbins* . . . taken from his direct appeal, and to the extent that these facts do not conflict with the arguments set out in this brief."  It is unclear what Robbins means by this.  In any event, as the truth of the facts of the crime recited in *Robbins I* are not necessary for our resolution of this appeal, we summarize them only for the basis of Robbins's conviction. (See *People v. Woodell* (1998) 17 Cal.4th 448, 459-460.)

The eyewitness identified Robbins as the Cobalt's driver. Crayton died from six gunshot wounds. (*Robbins I.*)

A police officer who heard a radio broadcast about the shooting saw a red Cobalt traveling at high speed. He pursued the Cobalt. It stopped suddenly and its occupants fled on foot. The officer, who could see their faces clearly as they ran, identified Robbins as the driver and Mathis as the passenger. Police found Robbins hiding in some bushes. He had gunshot residue on his hand. Police found the murder weapon under the driver's seat in the Cobalt. (*Robbins I.*)

Both Robbins and Mathis were members of the 76 East Coast Crips. A prosecution gang expert testified at trial that the 76 East Coast Crips were rivals of the Rolling 40s and the shooting took place in Rolling 40s territory. A Rolling 40s member told police that Crayton had flashed a Rolling 40s gang sign at someone moments before Mathis shot him. (*Robbins I.*)

The People charged Robbins with murder and felony evading. Robbins and Mathis were tried together. The trial court instructed the jury on first and second degree murder, and on aiding and abetting. After the jury sent out a couple of questions about whether an aider and abettor could be convicted of a greater or lesser crime than the perpetrator, the court further instructed the jury, " 'In order to find a defendant guilty of first-degree murder in this case, you must determine whether each defendant committed murder with premeditation, deliberation, and willfulness separately.' " (*Robbins I.*)

The jury convicted Robbins of first degree murder as well as felony evading. The jury found "principal . . . discharged a firearm" and gang allegations true. The court sentenced Robbins to an indeterminate term of 50 years to life for the murder and a concurrent term of three years for the evading. In December 2010, we affirmed Robbins's conviction, rejecting

his argument that the trial court misinstructed the jury on his liability as an aider and abettor. (*Robbins I*.)

## 2. *The section 1170.95 petition*

After Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) took effect, Robbins filed on January 17, 2019 a petition for resentencing. On a downloadable form, Robbins checked boxes stating he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189," he was "not the actual killer," he "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree," and he "was not a major participant in the felony or [he] did not act with reckless indifference to human life during the course of the crime or felony." Robbins also checked the box asking the court to appoint counsel for him.

On April 8, 2019, the prosecution filed an opposition to Robbins's petition. The prosecution contended Robbins was convicted as a direct aider and abettor and "[n]either the natural and probable consequences theory of liability, nor the felony murder rule, [was] argued in this case." The prosecution also argued section 1170.95 was unconstitutional. The prosecution attached our opinion in *Robbins I* as an exhibit.

The court appointed counsel for Robbins. On May 14, 2019, counsel filed an opposition to the prosecution's brief addressing the constitutionality issue as well as a request for more time to file a reply on the merits of Robbins's petition.

On March 13, 2020, Robbins's counsel filed a reply to the prosecution's opposition to the petition. Counsel conceded Robbins's jury was not instructed on felony murder or the natural and probable consequences doctrine. Counsel contended,

4

however, that CALJIC No. 8.11, entitled " 'Malice Aforethought' —Defined," which the trial court gave to the jury, "is clearing natural and probable consequences theory including in the murder instruction [*sic*]." Counsel referred to the jurors' questions about aiding and abetting and the trial court's supplemental instruction, arguing "the jury had questions and concerns about a non-killer and any liability especially in a case like this where at best [there] was only circumstantial evidence of any kind of intent as to Mr. Robbins." Counsel concluded Robbins had made a prima facie case and "[a]ny issue of any exception is the subject of an OSC."

Counsel attached as exhibits to his reply *Robbins I*, the jury's questions, portions of the reporter's transcript where the court discussed the questions with counsel, some of the jury instructions (CALJIC Nos. 3.00, 3.01, 8.10, 8.11 8.20, 8.30, 8.31, 8.70, and 8.71),[3] and portions of the reporter's transcript of the prosecutor's closing argument. The prosecutor talked about aiding and abetting, using the examples of a getaway driver in a bank robbery or someone who drives the shooter in a drive-by. The prosecutor never mentioned natural and probable consequences, nor did he suggest Robbins could be liable for any intended crime other than murder.

On June 10, 2020, Robbins's counsel filed a supplemental brief citing *People v. Drayton* (2020) 47 Cal.App.5th 965. Counsel reiterated his argument that the "Court must find a prima facie finding of eligibility and set for an OSC."

---

[3] Counsel did not include CALJIC No. 3.02—the natural and probable consequence instruction—and no one has ever contended in this case that the court gave the jury that instruction at Robbins's trial.

5

The parties appeared before the court on July 27, 2020. As Mathis also had filed a petition for resentencing, the court heard both petitions in a single proceeding. Robbins's counsel told the court, "From my perspective, there's enough for purposes of showing a prima facie case on eligibility just to get us to the OSC, not necessarily suitability. That would be a question at the OSC itself."

The prosecutor responded that neither Mathis nor Robbins was eligible for relief under section 1170.95. The statute, the prosecutor continued, "change[d] the law when it comes to accomplice liability particularly for [felony] murder cases[4] and cases that were prosecuted under the natural and probable consequences theory. This case does not fall into either category." After describing Mathis's role as the shooter, the prosecutor said, "Defendant Robbins . . . was found guilty of first degree murder under an aiding and abetting theory and was not prosecuted under a felony murder nor a natural and probable consequences theory. Therefore, . . . by the clear record of the case, neither defendant is eligible for relief under the amended law."

Both defense lawyers replied that a "facially adequate petition" "shifts the burden to the People to then prove by competent evidence" that the petitioners were "not entitled to relief."

The court then summarized the facts set forth in the court of appeal opinions affirming both Mathis's[5] and Robbins's

---

[4] The reporter's transcript says "so many murder cases." It seems either the prosecutor misspoke or the reporter erred, and what was said or meant was "*felony* murder cases."

[5] *People v. Mathis* (Nov. 20, 2009, B209147) [nonpub. opn.].

6

convictions. The court noted, "Both defendants were convicted under the legal theory of willful, deliberate, and [pre]meditated murder. Mr. Mathis as the shooter; Mr. Robbins as the getaway driver and aider and abettor." The court continued, "The record of conviction proves beyond a reasonable doubt that both defendants acted with malice aforethought. Neither the accomplice liability, natural and probable consequences theory of liability, nor the felony murder rule were argued in this case."

The court went on to say, "Mr. Robbins is not eligible for resentencing since he was a major participant who acted with reckless indifference to human life pursuant to Penal Code section 189(e)(3)." The court then listed the "specific facts to make that factual and legal conclusion." The court denied the petitions.

Mathis began to argue with the court. After hearing from Mathis, the court asked, "Anything further from either side?" Robbins's counsel then said, "[A]lthough there wasn't a separate instruction" on "the natural and probable consequences theory," "within the language on the murder [*sic*], there is language on natural and probable consequences." Counsel added that the question of whether Robbins was a major participant "would be ultimately a question for the OSC."

## DISCUSSION

### 1. *Senate Bill No. 1437*

Senate Bill 1437 took effect January 1, 2019. (See Stats. 2018, ch. 1015, § 4.) It limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure a person's sentence is commensurate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*); *People v. Lewis* (2021) 11 Cal.5th 952, 957, 971 (*Lewis*).)

7

Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e).  It provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person:  (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2, subdivision (d).  (See *Gentile*, *supra*, 10 Cal.5th at p. 842.)  It amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Lewis*, *supra*, 11 Cal.5th at pp. 959-960; *Gentile*, *supra*, 10 Cal.5th at p. 843.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c) requires the court to appoint counsel to represent the petitioner, if requested; to direct the prosecutor to file a response to the petition and permit the petitioner to file a reply; and to determine if the

petitioner has made a prima facie showing that he is entitled to relief.[6] (See *Lewis*, *supra*, 11 Cal.5th at pp. 959-960.)

In determining whether the petitioner has carried his burden of making the requisite prima facie showing he falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) However, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' . . . 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

2.  ***Robbins is ineligible for resentencing as a matter of law***

Robbins makes several arguments on appeal. He contends the trial court erred in ruling he "was not eligible for resentencing because he was a major participant who acted with reckless indifference to human life." He also seems to argue that, by checking the boxes on the form, he "established a prima facie case" and the court was required but "refused to hold an evidentiary hearing." Robbins says "the prosecution failed to allege facts in the trial record which called into question

___

[6]     The requirement to appoint counsel if requested now appears in subdivision (b)(1)(C)(3) of section 1170.95.

9

the statements in" his petition.  He asserts that, had the court issued an order to show cause, "it would have become clear that [Robbins] was convicted of murder under the natural and probable consequences doctrine."  Only the first of these contentions has merit.

After stating that the record of conviction demonstrated (1) Robbins was not tried for felony murder or under the natural and probable consequences doctrine, and (2) he acted with malice aforethought, the court went on to say (3) Robbins was a major participant who acted with reckless indifference to human life.  As the Attorney General implicitly concedes,[7] this was error.

First, the question of whether a defendant was a "major participant in the underlying felony and acted with reckless indifference to human life" is relevant only to defendants convicted of felony murder.  (§ 189, subds. (a) & (e)(3).)  As we have said, Robbins was not tried or convicted for felony murder.

Second, a "major participant/reckless indifference" inquiry requires factfinding and the weighing of evidence, which cannot take place until an order to show cause issues and a hearing is held.  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815 [court may consider record of conviction at prima facie stage but "may not evaluate the evidence, make credibility findings adverse to the petitioner, engage in factfinding or exercise discretion"]; *People v. Harris* (2021) 60 Cal.App.5th 939, 949-950, review

---

[7]     The Attorney General states he "does not rely on the court's alternative position that the facts showed appellant was a major participant who acted with reckless indifference to human life." (See generally *People v. Brooks* (2017) 3 Cal.5th 1, 39 [appellate court will generally affirm a trial court's ruling if correct on any ground, even if the court's reasoning was incorrect].)

granted April 28, 2021, S267802 [in finding petitioner to be major participant who acted with reckless indifference, without issuing order to show cause, court erroneously "engaged in factfinding rather than evaluating the record of conviction solely to determine whether it established [petitioner's] ineligibility for relief under section 1170.95 as a matter of law"].)

But Robbins is ineligible for resentencing as a matter of law for a different reason:  he was not tried or convicted under the felony-murder rule or the natural and probable consequences doctrine.  The record belies Robbins's assertion that "the prosecution failed to allege facts in the trial record which called into question the statements in [his] petition."  On the first page of its first brief, the prosecution stated, "The defendant was convicted under the legal theory of directly aiding and abetting a willful, deliberate, and premeditated murder.  Neither the natural and probable consequences theory of liability, nor the felony murder rule, [was] argued in this case."  Moreover, Robbins's counsel *conceded* in the superior court "that a natural and probable consequences independent instruction was not provided nor a felony murder instruction provided" to the jury.  Counsel attached the jury instructions, which included instructions on direct aiding and abetting—CALJIC Nos. 3.00 and 3.01—but no instruction on the natural and probable consequences doctrine.  (See CALJIC No. 3.02.)

On appeal, Robbins contends, "While the jury was not specifically charged with a natural and probable consequences independent instruction, the instruction on malice which the jury received noted that malice is implied when:  (i) the killing resulted from an intentional act; (ii) the natural and probable consequences of the act are dangerous to human life; and (iii) the act was deliberately performed with knowledge of the danger to and with conscious disregard for human life."  Robbins says,

11

as a result, he "was convicted on a natural and probable consequences theory of murder."

Robbins is mistaken. Although he doesn't say so, Robbins apparently is referring to CALJIC No. 8.11, entitled " 'Malice Aforethought'—Defined." *People v. Soto* (2020) 51 Cal.App.5th 1043 (*Soto*), abrogated on other grounds in *Lewis*, is directly on point.[8] There, Soto was the driver of a car carrying another man who shot the victim to death. In 1996 a jury convicted him of second degree murder. Soto's jury was instructed on "principles of aider and abettor liability" but not "that Soto could be liable for [first and second degree murder] either as the natural and probable consequence of the commission of another crime or based upon the felony-murder rule." (*Id.* at pp. 1048-1050.)

Soto petitioned for resentencing under section 1170.95, the trial court denied the petition, and the court of appeal affirmed. (*Soto*, *supra*, 51 Cal.App.5th at p. 1048.) The appellate court held that "the jury instructions themselves demonstrate as a matter of law that Soto could not make a prima facie showing that he is entitled to relief." (*Id.* at p. 1055.) The court noted Soto's "jurors were not provided any instruction on which they could have found Soto guilty of murder under [the natural and probable consequences] doctrine." Accordingly, "under the instructions, the jury necessarily found Soto culpable for murder based on his own actions and mental state as a direct aider and abettor of murder." (*Ibid.*)

---

[8] The Attorney General cited *Soto* in his brief. Robbins doesn't mention the case in his reply, much less attempt to explain why it's distinguishable or wrongly decided— if he contends it is.

We agree with the *Soto* court's straightforward, common sense approach. (See also *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-674 [trial court considered jury instructions and reporter's transcript of prosecutor's closing argument in determining petitioner had not been convicted of felony murder or murder under the natural and probable consequences doctrine]; *People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835 ["if the jury was not instructed on a natural and probable consequences or felony-murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories"].)

Finally, although we need not reach the superior court's third alternative ground for denying Robbins's petition—that he acted with malice aforethought—the jury's verdict convicting Robbins of first degree murder also precludes resentencing relief. As noted, the trial court instructed the jury on direct aiding and abetting and also told the jurors, " 'In order to find a defendant guilty of first-degree murder in this case, you must determine whether each defendant committed murder with premeditation, deliberation, and willfulness separately.' " (*Robbins I.*) As the Attorney General notes, the court also instructed the jury with CALJIC Nos. 8.10 ("Murder—Defined," requiring malice aforethought), 8.11 (" 'Malice Aforethought'—Defined"), and 8.20 ("Deliberate and Premeditated Murder," explaining a first degree murder is a "willful, deliberate and premeditated killing with express malice aforethought").

In sum, the record of conviction establishes Robbins is ineligible for relief under section 1170.95 as a matter of law. (Cf. *People v. Johnson* (2020) 57 Cal.App.5th 257, 265, 271 [affirming denial of resentencing petitions because defendants were convicted of provocative act murder, which requires

13

defendant to have personally harbored malice]; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1157, 1167-1168 [petitioner not entitled to relief where he was convicted as direct aider and abettor, and not of felony murder or murder under a natural and probable consequences theory].)

## DISPOSITION

We affirm the superior court's postjudgment order denying Akil Robbins's petition to vacate his murder conviction and for resentencing under Penal Code section 1170.95.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.


We concur:



LAVIN, Acting P. J.



VIRAMONTES, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.